Hinman, J.
This is a summary proceeding under section 74 of the Public Service Commissions Law to have the court summarily inquire into the facts and to command the respondent, the Pavilion Natural Gas Company, to cease charging for its gas more than the maximum rate allowed in any municipal franchise agreement under which it has been distributing natural gas in various villages and towns in the counties of Genesee and Livingston. In some of the villages *694 and towns the franchise rate is forty-five cents per 1,000 cubic feet and in others it is forty cents. Under the franchise agreements a right was given to respondent to lay its pipes in the streets and public places of the village or town upon the condition, among others, that the charge for gas to the inhabitants thereof should not exceed the certain rate fixed.
In August, 1919, the respondent filed a petition with the petitioner asking for an order fixing the price of its gas at the rate of seventy-five cents per 1,000 cubic feet. Apparently there were some unavoidable delays in procuring a hearing upon this petition, and on February 7,1920, the respondent filed a schedule of rates in accordance with section 66 of the Public Service Commissions Law, .and upon notice to the commission and proper publication thereof the schedule was made effective on March 10, 1920. The schedule made a rate of eighty-five cents per 1,000 cubic feet, with a discount of ten cents for prompt payment.
The claim of the respondent is that this new rate provided by the schedule filed went into effect by-operation of law on March 10,1920, and has not been interfered with by any valid order of the commission.
The claim of the commission is that charging and collecting an eighty-five cent rate in violation of the forty and forty-five-cent limitations in the respondent ’s franchises is a “ violation of law ’ ’ within the meaning of section 74 of the Public Service-Commissions Law, giving rise to the right of the commission to come into court and seek the injunction relief demanded here.
The issue presented is whether the respondent gas company may of its own motion disregard the maximum limitations on its rates by putting its new schedule, filed according to law, into effect at the day fixed therein beyond the thirty-day period prescribed by the law or whether on the contrary before collecting in *695 creased rates, such rates should be found to be just' and reasonable by the commission after investigation as to the justness and reasonableness of the proposed changes.
The proceedings already had require me to consider the issue from two standpoints, viz.: "Whether there has been a “ violation of law ” or whether there has been a violation of “ any order of the commission.”
To sustain its contention that there was a “ violation of law,” the commission cites the cases of Willcox v. Richmond Light & Railroad Co., 142 App. Div. 44, 46, 50-52; affd., 202 N. Y. 515; Public Service Commission v. Westchester Street R. R. Co., 206 id. 209. These cases have interpreted the law as to railroad cases. They have no application to gas cases, as I construe the law. In the case of Public Service Commission v. Iroquois Natural Gas Company, 184 App. Div. 285; affd., 226 N. Y. 580, the court in construing the gas provisions of the law called attention to the difference between a railroad and a gas case and held' that “ under the statutes as they now stand it is the right of the gas company to increase its rates and make the increase effective thirty days after filing with the commission its schedule of new rates,” even though the increase has not been sanctioned by the commission and even though a proceeding involving that issue is still pending.
The counsel for the commission, however, seeks to distinguish this Iroquois Gas Company case from the case under consideration upon the ground that it did not involve an increase over the local franchise rate as here, but involved a violation of an order and a stipulation entered into between the gas company, the commission and the city of Buffalo as a part of the order.
Assuming, however, that the franchise rate in the city of Buffalo was not involved in that ease, the value *696 of the decision lies in the fact that it construes the gas provisions of the statute to be different from the railroad provisions and holds that the language of the gas provisions sanctions the increase while the proceeding is pending. When we take this decision and read it' in conjunction with the decision in the Glens Falls case (People ex rel. Village of South Glens Falls v. Public Service Commission, 225 N. Y. 216) we find that the commission has jurisdiction of such a case as this notwithstanding the franchise agreement and that the statute, being operative as to such a case, operates to sanction the increase pending the decision of the commission. The language of subdivision 12 of section 66 of the Public ’Service Commissions Law -does not purport to be a legislative provision intended for the benefit of such companies as have no municipal franchise limitations as to rates. To so hold would be to give it a strained construction for which there is not the slightest justification.
The language in subdivision 12 of said section 66 cannot be construed to mean one thing in one class of cases and another thing in the other class. Thus it’ may be said here as was said in the Iroquois case (p. 291): “ It is apparent from what has already been said that defendant, in its attempt to increase its rates for gas, has not violated any law. It has pursued the only course which the law prescribed for putting into effect an increase of rates.” It is the only course which the law prescribed for this respondent for putting into effect an increase of rates. Notwithstanding the fact that the rates are greater than the franchise rates, there can be no violation of law in doing that which the law allows to this respondent. This is so irrespective of any assumption that without the benefit of this statute, a change of rates would constitute a violation of law. Having held that the lan *697 guage of subdivision 12 of said section 66 must be applied generally in accordance with its unrestricted terms I am bound to hold that, even if there was a franchise agreement, it was the legislative intent to overcome it by higher legislative authority and through the written law of the state. The statute itself presumes that the rates set forth in the schedules are fair and reasonable after the thirty-day period, unless and until the commission acts.
It has been held under similar provisions of the law in relation to steam corporation rates that the filing of schedules abrogates even unexpired contracts with consumers. People ex rel. New York Steam Company v. Straus, 186 App. Div. 787. If this is so, surely the legislature, under its paramount rate-making power, unrestricted by the Constitution, may prescribe a method of changing a gas rate beyond that agreed upon between a gas company and the local governmental agency, acting on behalf of its inhabitants and may permit the filing of the rates to abrogate such franchise agreements.
It necessarily follows that even assuming that the franchise rate is a rate fixed by law and that its violation prior to the enactment of section 66 of the Public Service Commissions Law might have been a violation of law, the putting into effect of higher rates by the filing of a schedule under subdivision 12 of that section does not constitute a “ violation of law ” within the decisions cited by petitioner or a ‘ violation of law ” under section 74 of the law, since all parts of this article must be read together and harmonized and a lawful act under section 66 cannot be deemed an unlawful act under section 74.
The sole question remains as to whether there was a violation of an order of the commission. Of course, section 74 contemplates a lawful and enforcible order *698 of the commission, and if the commission makes an unauthorized order, it cannot predicate any such proceeding as this upon such order. ' The commission must point to some provision of the statute authorizing it to suspend a rate pending decision or authorizing it to determine the matter preliminarily upon the basis of the franchise agreements or authorizing it to make a temporary decision upon some basis other than the merits before it can sustain its order of April 1,1920, or ask relief thereunder.
This it has failed to do. There is no power of suspension of the rate pending the investigation (Public Service Commission v. Iroquois Natural Gas Co., 184 App. Div. 285), and the investigation must be a real one conforming to the statute and not simply a conclusion of fact pronounced by the Commission without sustaining evidence. People ex rel. New York Steam Co. v. Straus, 186 App. Div. 787.
The commission has been empowered to determine and prescribe the just and reasonable rates and charges to be enforced in a given case (Pub. Serv. Com. Law, § 66, subd. 5) and in fixing rates is required to have regard to a reasonable return upon the capital actually expended and to the necessity of making reservations out of income for surplus and contingencies. Id. § 72. In making its order of April, 1920, the commission has not attempted to do this, but on the contrary has attempted, in effect, to enforce specific performance of the franchise agreements. This it cannot do directly or indirectly, except after a hearing and determination on the merits that such rates are the just and reasonable rates to be charged. It is a body of limited powers and can only do that which the statute specifically prescribes it may do. People ex rel. New York Steam Co. v. Straus, 186 App. Div. 787. The order of April 1,1920, was a determination *699 reached without evidence to sustain it and must he held to be a nullity. In fact, the counsel for the commission seems to concede that the order is of no greater force and has no more basis of authority than is warranted by the assumption of the violation of law contemplated in his argument here, namely, that there is a violation of the franchise and that the rate is not effective until ordered by the commission. Having found to the contrary on that proposition, I see no way of sustaining the order of the commission as a valid and enforcible order.
The proceeding is therefore dismissed, with fifty dollars costs.
Ordered accordingly.